### SHERMAN v. AMERICAN CONGREGATIONAL ASS'N et al.

(Circuit Court, D. Massachusetts. December 20, 1899.)

#### No. 1,165.

**1. WILLS—CONSTRUCTION OF BEQUEST—CONDITIONS.**

Where a bequest to a religious library association was "upon condition that said association agrees" to pay an annuity to the wife of the testator during her life, and upon her death to apply the income from the fund to specified purposes in connection with its library, the agreement to pay the annuity is not such an absolute condition that the bequest is defeated by the death of the annuitant before the time for its taking effect arrives.

**2. SAME—ACCEPTANCE OF TRUST.**

The acceptance by an association of a bequest made to it on condition that it should agree to devote the income from the fund to certain purposes specified by the testator, in connection with the object for which the association was incorporated, is an implied agreement to carry out the trust, which is enforceable by a court of equity: and the fact that no formal agreement was executed before the bequest was paid over does not render it recoverable by the heirs of the testator.

In Equity. This was a suit to recover the amount of a bequest made by a testator to the American Congregational Association, and which had been paid over to it by the executors. On demurrer to bill.

Charles E. Sherman and Roger M. Sherman, for complainant.
M. F. Dickinson, Jr., for defendants.

BROWN, District Judge. The demurrer to the bill calls for a construction of the will of Isaac P. Langworthy. The third clause is as follows:

"Third. I direct my executors to pay over to the American Congregational Association, as soon as may be convenient after my decease, the sum of ten thousand dollars (unless previous to my death I shall have deposited said sum with said association), upon condition that said association agrees to pay to my wife, in quarterly payments, during her life, the sum of $400, and upon the death of my said wife to pay over semiannually the net income of said $10,000, and any increase thereof, to the library committee of said association; the same to be expended by said committee in the purchase of local histories, genealogies, commentaries of the Bible, and ecclesiastical histories, for said library."

The complainant contends that this clause imposed upon the American Congregational Association an absolute condition preced-

ent, namely, that it should agree to pay Sarah W. Langworthy, "in quarterly payments, during her life, the sum of $400"; that, without so agreeing, the association could not take; and that, as Mrs. Langworthy died before the making of such an agreement, the condition became incapable of performance, and the gift was thereby defeated. The requirement of the payments to Mrs. Langworthy, however, is in its nature temporary, and such that it may be satisfied and terminated by the death of the annuitant. Were the condition to become impossible of performance, by the death of the annuitant before the testator, or before the time at which the executor was to pay over the fund, the condition, being no longer supported by the testator's sole reason for imposing it, would end. As the annuity was not the sole motive of the bequest, the testator's intention as to the disposition after his wife's death, being clear, should be upheld. Colton v. Colton, 127 U. S. 300, 309, 8 Sup. Ct. 1164, 32 L. Ed. 138; Hollinrake v. Lister, 1 Russ. 500; Kirk v. Kirk, 21 Ch. Div. 431, 437. Therefore a mere allegation that the association did not make such an agreement does not negative its right to the fund. The bill alleges no refusal by the association to assume the payment of the annuity, nor can its mere failure to do so constitute a refusal, as the complainant contends, unless it had an opportunity to accept the fund from the executor prior to the death of the annuitant.

The bill alleges that on or about April 1, 1898, the executor sold property at divers times, and paid over to the American Congregational Association the sum of $10,000, and that the executors of Mrs. Langworthy "acquiesced, and promoted the said proceedings, and permitted the same to be approved by said probate court." This being after the death of the annuitant, it appears that there was at the time of payment no existing condition for an agreement to pay an annuity.

The complainant further alleges that "the defendant had no power to make the agreement which is by the will of said Isaac P. Langworthy made a condition to the vesting of the legacy, and it did not in fact undertake, enter upon, or make any such agreement." This averment of a lack of power relates solely to the power to agree to pay an annuity, and not to the power to hold and apply to the designated uses after the death of Mrs. Langworthy. But, even were it the fact that the association was incapable of agreeing to pay an annuity, this would seem to be no reason for defeating the testator's intention to devote the fund to the purposes of the association if the condition had terminated by the death of the annuitant before the arrival of the time for paying over the fund. The association, however, had such power. The act of incorporation is referred to by its title in the bill, and was presented to the court on the argument of the demurrer. The conferred powers to hold real and personal estate would include the power to hold property burdened with an incumbrance, or a fund charged with an annuity.

It appears that the fund has been paid to the association, and that the uses to which the testator intended it to be applied after his wife's death are within the objects of the association. We will next consider whether a failure by the association to make a formal agree-

ment to apply it after Mrs. Langworthy's death to the purposes designated by the testator is a sufficient reason for compelling its repayment. It is doubtful whether the allegations of the bill are sufficient to raise this question; but we will assume that the allegation that "it did not in fact undertake, enter upon, or make any such agreement" applies, not merely to an agreement to pay an annuity, but also to an agreement to devote the fund to the purposes designated by the testator. So far as the allegation involves a conclusion of law, it is not admitted by the demurrer, and it cannot contradict a legal conclusion from facts set up in the bill. The object of the testator was to create a trust, and it is well settled that a trust may be accepted without a formal deed of acceptance. It would be a strained construction of the word "agrees," to hold it to require a written agreement, or other formal act, or any other way of assuming the obligation than would ordinarily be sufficient to constitute an acceptance of a trust. The association was incorporated under the act of April 12, 1854, "for the purpose of establishing and perpetuating a library of the religious history of New England and for the erection of a suitable building," etc. The testator provided that the income of the fund should be expended "in the purchase of local histories, genealogies, commentaries of the Bible, and ecclesiastical histories, for said library." The executor paid over the fund with the acquiescence of the executors of Mrs. Langworthy. By accepting the fund subject to these directions, the association would be bound to the fulfillment of the trust, and the trust would be enforceable by a court of equity. 2 Jarm. Wills (Bigelow's Ed.) 65; Egg v. Devey, 10 Beav. 444; Gregg v. Coates, 23 Beav. 33; Attorney General v. Christ's Hospital, Tam. 393. This would satisfy the intention and wishes of the testator, and meet the literal terms of the will. There are no allegations that the association did not receive the fund with full knowledge of the terms upon which it was given, or that it has not devoted the income to the purposes of the trust, or that it has in any way failed to perform the trust, or to acknowledge its obligation to do so. The fund is in the possession of the association, and it does not appear from the facts stated in the bill that the defendant's possession is unlawful, or in violation of the terms of the will. The complainant therefore fails to show any title to relief. This conclusion as to the first cause of demurrer renders it unnecessary to consider the remaining causes assigned. Bill dismissed.